IN THE UNITED STATES DISTRICT COURT OF THE
WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No.: _____

| | |
|---|---|
| CHAD POWE, individually and on behalf of all other persons similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION, | )<br>)<br>) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

Plaintiff Chad Powe ("Powe") on behalf of himself and all others similarly situated, alleges the following Class Action Complaint against Defendants Bank of America, N.A., and Bank of America Corporation (collectively, "Bank of America" or "Defendants") upon personal knowledge as to himself and his own actions, and upon information and belief, including the investigation of counsel, as to all other matters.

## INTRODUCTION

1. This Class Action (hereinafter the "Action") arises out of Bank of America's unfair and deceptive business practice harming and continuing to harm many thousands of consumers over a number of years commencing in or about 2012 and thereafter, by opening "fake" accounts in numerous product lines and services, including bank or checking accounts and credit cards.

2. Bank of America – a global bank serving approximately 68 million people and businesses throughout the United States, and currently the second largest banking institution providing consumer financial services in America – maintains a business model that relies, in

1

substantial part, on securing and enrolling as many customers who accept and utilize its banking products as possible. The banking products that Bank of America offers to consumers include saving accounts, checking accounts, credit and debit cards, and similar banking products, which, in the ordinary course of business, are opened by and on behalf of customers in order to meet their banking needs.

3. During and beginning in or about 2012 and thereafter, Bank of America has been deploying sales-based incentive goals and evaluation criteria for its employees that have resulted in a number of employees illegally applying for and enrolling consumers in fake credit card accounts and/or consumer bank accounts, *inter alia*, without the consumer's knowledge. These practices have inured to the detriment of consumers and have caused them to suffer damages, as more fully discussed below, when they failed to maintain mandatory account balances or pay fees for accounts that they didn't know existed, and Bank of America thereafter charged such victimized consumers penalties and other fees as a consequence.

4. Beyond profiting from bank charges and late fees on such accounts, and as a direct and approximate consequence of these unfair and deceptive business practices, creating such "fake" accounts, Bank of America further profits and benefits from its opening accounts without customer consent by being able to artificially inflate its "new account holder" statistical matrix on its filings with the Securities and Exchange Commission.

5. Recently, in July 2023, the Consumer Financial Protection Bureau levied fines and penalties against Bank of America for its unfair and deceptive conduct, noting its employees had been driven to open these accounts "in response to sales pressure or to obtain incentive awards", and that such fake accounts generated associated fees from credit card accounts without consumers consent", as more fully discussed below.

6. Plaintiff brings this action in order to hold Bank of America accountable, to force it to stop engaging in this unlawful conduct, and to recover the damages suffered by himself and all others similarly situated.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") because (i) the proposed class consists of well over 100 members; (ii) the parties are minimally diverse as members of the proposed class, including Plaintiff, are citizens of a state different from Defendants' home state; and (iii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs. Although the damages to each class member may be small, given the large number of affected Bank of America customers, their aggregate damages exceed the jurisdictional threshold.

8. This Court has personal jurisdiction over Defendants because they maintain their principal places of business in Charlotte, North Carolina, and the events giving rise to this Action emanated from or occurred in Charlotte, North Carolina, and the Defendants have continuous and systematic contacts with the state of North Carolina to constitutionally permit this Court to exercise jurisdiction.

9. In accordance with 28 U.S.C. § 1391, venue is proper in this District because a substantial part of the events giving rise to this claim occurred here and because Defendants are subject to this Court's personal jurisdiction with respect to the claims advanced in this Action.

## PARTIES

10. Plaintiff Chad Powe is, and at all relevant times was, a resident of Loganville, Georgia. Plaintiff Powe has been a customer of Bank of America since approximately 2000, when

3

he opened a checking account that he maintained for approximately five years. Thereafter, in 2021, Plaintiff Powe opened another checking account with Bank of America, which he still maintains.

11. In approximately May or June of 2020, Plaintiff Powe received notice of a second checking account opened in his name at Bank of America. Plaintiff Powe did not authorize the opening of this second checking account. The unauthorized checking account had a negative balance resulting from the imposition of account fees and insufficient funds charges arising from the fact that the balance in the account was too low to cover the account fees. After learning of the existence of this second checking account, Plaintiff Powe personally visited a Bank of America branch office to close this unauthorized account, after which, representatives of Bank of America acknowledged that the account appeared to be fraudulent. While Bank of America reversed the charges made by Bank of America against the unauthorized second checking account and closed the account, Plaintiff Powe is informed and believes that the unauthorized second checking account appears on his credit report and that he has sustained damage.

12. Defendant Bank of America NA is a national banking association chartered under the laws of the United States with its principal place of business located in Charlotte, North Carolina. Defendant operates more than 3,900 full-service bank branches nationwide, through which it offers banking products, including the products mentioned herein.

13. Defendant Bank of America Corporation is a Delaware Corporation with its principal place of business located in Charlotte, North Carolina and is a bank holding company as well as a financial holding company.

4

## SUBSTANTIVE FACTS

14. On July 11, 2023, the Consumer Financial Protection Bureau ("CFPB") ordered Bank of America to pay more than $100 million to customers, in part for misappropriating sensitive personal information to open accounts without customer knowledge or authorization.[1]

15. Under the Consumer Financial Protection Act of 2010 ("CFPA"),[2] the CFPB has the authority to take action against institutions violating consumer financial protection laws.

16. According to the CFPB, Bank of America's practices violated, *inter alia*, the CFPA by engaging in unfair and deceptive or otherwise prohibited acts or practices, the Fair Credit Reporting Act, by using or obtaining consumer reports without a permissible purpose in connection with unauthorized credit cards, and the Truth in Lending Act, implementing Regulation Z, by issuing credit cards to consumers without their knowledge or consent. [3,4,5]

17. The CFPB's orders filed in the CFPB proceedings require Bank of America to:

   A. Cease opening unauthorized accounts;

   B. Disclose material limitations on any rewards cards bonuses and provide bonuses as advertised;

   C. Cease charging repeat non-sufficient funds fees in the future;

   D. Compensate consumers charged unlawful non-sufficient funds fees and who have not already been made whole by the bank, totaling approximately $80.4 million in consumer redress;

---

[1] https://www.consumerfinance.gov/about-us/newsroom/bank-of-america-for-illegally-chargingjunk-fees-withholding-credit-card-rewards-opening-fake-accounts/ (last visited September 19, 2023).
[2] *See* 12 U.S.C. §§ 5481, 5536.
[3] The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*
[4] The Truth in Lending Act ("TILA"), 15 U.S.C. 1601, *et seq.*
[5] 12 C.F.R. Part 1026.

5

E.  Compensate any consumer who incurred costs stemming from the unauthorized opening of new credit card accounts;

F.  Compensate any customers improperly denied bonuses whom the bank has not already made whole;

G.  Pay a $60 million penalty to the CFPB for charging repeat non-sufficient funds fees; and

H.  Pay a $30 million penalty to the CFPB for its credit card rewards practices and for opening unauthorized accounts.[6]

18. Beginning in 2012, Bank of America implemented sales-based incentives for its employees.

19. One factor Bank of America included in evaluating its employees was the number of new consumer financial products or services that were opened and used by any given consumer originated by that employee.

20. In response to sales pressure from Bank of America and/or to receive incentives, some Bank of America employees submitted applications and issued credit cards without consumers' consent.

21. One of Bank of America's practices was to obtain consumer reports, containing consumers' sensitive personal information, in the course of considering consumers for new credit cards.

---

[6] *See In the Matter of: Bank of America, N.A.*, No. 2023-CFPB-0006 (CFPB), Consent Order filed July 11, 2023; *In the Matter of Bank of America, N.A.*, No. 2023-CFPB-0007 (CFPB), Consent Order filed July 11, 2023.

22. Bank of America misused or improperly obtained consumer reports to consider consumers for new credit cards even when the consumers had not applied for or did not want the products and where Bank of America did not otherwise have a permissible purpose for the consumer reports.

23. During what the CFPB termed the "Account-Opening Findings Period," Bank of America sometimes generated associated fees from credit card accounts opened without consumers' consent.[7]

24. On July 11, 2023, the CFPB filed a Consent Order and Stipulation, in the proceeding under File No. 2023-CFPB-0007, requiring Bank of America to, among other things:

> A. Provide redress to defined "Account-Opening Affected Consumers;"
>
> B. request deletion of all tradelines associated with the accounts that resulted in individuals being classified as Account-Opening Affected Consumers; and
>
> C. under § 1055(c) of the CFPA, 12 U.S.C. § 5565(c), pay a civil money penalty of $30,000,000 to the Bureau.[8]

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class of similarly situated individuals.

26. Plaintiff seeks to represent a Nationwide Class defined as follows:

> All citizens of the United States who had an application submitted for, or who were issued, a credit card or an account opened in their name by Bank

---

[7] *In the Matter of: Bank of America, N.A.*, No. 2023-CFPB-0007 (CFPB), Consent Order filed July 11, 2023, at ¶¶ 3(b), 26.

[8] *Id.* Consent Order filed July 11, 2023, at ¶¶ 3(a), 55(b), 55(c), 59

7

Case 3:23-cv-00600-RJC-DCK   Document 1   Filed 09/21/23   Page 7 of 19

of America without their knowledge, authorization, or consent within the last four years.[9]

27. This action has been brought and may properly be maintained as a class action under federal law and satisfies the numerosity, commonality, typicality, and adequacy requirements of maintaining a class action under Fed. R. Civ. P. 23(a).

28. The proposed class is easily ascertainable. The number and identity of the class members are determinable from Defendants' records.

29. *Numerosity*: the proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Fed. R. Civ. P. 23(a)(1).

30. *Commonality*: there is a well-defined commonality of interest in the questions of law and fact involving and affecting the class in that Plaintiffs and all members of the proposed class have been harmed by Defendant. Fed. R. Civ. P. 23(a)(2). Specifically, all members of the class were customers of Bank of America, and all members of the class were harmed when Bank of America applied for and opened illegal and unauthorized credit cards in their names. The common questions of law and fact include, but are not limited to, the following:

    A. Whether Defendants applied for and pulled credit reports during the process to apply for and/or opened credit card accounts for Plaintiff and for other class members without proper authorization to do so;

    B. Whether Defendants breached their contracts with Plaintiff and class members;

---

[9] *See* N.C.G.S. § 75-16.2.

C. Whether Defendants obtained and utilized consumer credit reports of Plaintiff and class members in violation of the FCRA;

D. Whether Defendants issued credit cards for Plaintiff and other class members in violation of the TILA;

E. Whether Defendants violated the Electronic Funds Transfers Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, by issuing unauthorized credit cards to Plaintiff and class members;

F. Whether Defendants were unjustly enriched by the unauthorized accounts it opened on behalf of Plaintiff and class members;

G. Whether Defendants engaged in unfair and deceptive trade practices within the meaning of North Carolina law and/or other states' law by applying for, pulling credit reports for, or opening accounts for, unauthorized credit cards, on behalf of Plaintiff and class members;

H. Whether Plaintiff and class members are entitled to a declaratory judgment that Bank of America's practices were unlawful; and

I. Whether Plaintiff and class members are entitled to damages.

31. *Typicality*: the claims of Plaintiff herein are typical of the claims of the members of the classes. Plaintiff and all members of the class sustained damages arising out of Defendants' conduct. These claims could be alleged by any member of the class, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions. Specifically, like Plaintiff, each class member of the class had an illegal and unauthorized credit card opened in their name by Bank of America. Fed. R. Civ. P. 23(a)(3).

32. *Adequacy of Representation*: Plaintiff is able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff has retained counsel who are experienced and competent in complex class action litigation. Fed. R. Civ. P. 23(a)(4).

33. *Predominance and Superiority*: the common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expense and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

34. Moreover, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide

proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

35. Pursuit of this action as a class action will provide the most efficient mechanism for adjudicating the claims of Plaintiff and members of the proposed class.

## TOLLING OF STATUTES OF LIMITATIONS

36. Under the circumstances herein, the applicability of any statute of limitations should be deemed to be subject to principles of equitable estoppel, tolling and concealment. Defendants' conduct in opening unagreed-to, unauthorized, and fallacious accounts was hidden and concealed from Plaintiff and class members, and Plaintiff and class members were unable to independently discover the nature of the wrongdoing until recently.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
*(On Behalf of Plaintiff and the Class)*

37. Plaintiff realleges and incorporates by reference all of the preceding allegations as if restated herein.

38. Plaintiff and class members agreed to provide certain personally identifying information to Defendants in exchange for Defendants' agreement to provide banking services.

39. Plaintiff and class members provided their information with the understanding that it would be used to facilitate the provision of banking services if and only if they explicitly authorized the services.

40. Plaintiff and class members entered into valid contracts with Defendants whereby they provided their personal information to Defendants, where part of the bargained-for exchange was each Plaintiff's and class members' agreement to provide Defendants with their personal information and Defendants' agreement not to misuse or abuse that information.

11

41. On information and belief, this contract was drafted by Defendants and was offered on a take it or leave it basis and should be construed against the drafter to the extent that it may contain any ambiguities.

42. On information and belief, Defendants used Plaintiff's and class members' personal information to request, authorize, and/or open credit card accounts.

43. These credit card accounts were created without authorization from Plaintiff or class members.

44. By failing to safeguard Plaintiff's and class members' information, and by using such information for the purpose of opening unauthorized credit cards on behalf of Plaintiff and class members, on information and belief, Defendants breached their contracts with Plaintiff and class members.

45. Plaintiff and class members were injured and have sustained damages as a result of Bank of America's breach of their contracts.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
*(On Behalf of Plaintiff and the Class)*

46. Plaintiff realleges and incorporates by reference all of the preceding allegations as if restated herein.

47. Each time that Bank of America opens a new account or starts a new financial service, it obtains, reviews, and uses a "consumer report," as that term is defined in 15 U.S.C § 1681a(d), about the consumer for whom the account is opened or the service started.

48. Bank of America is required by 15 U.S.C. §§ 1681b, 1681n, and 1681o to refrain from obtaining or using consumer reports from consumer reporting agencies under false pretenses, and without proper authorization from the consumer who is the subject of the report.

49. Obtaining and using consumer reports in the process of opening unauthorized accounts or services is not allowed pursuant to the FCRA, and thus is a violation of federal law.

50. Bank of America has a mandatory duty to use or obtain consumer reports only for permissible purposes, pursuant to 15 U.S.C. § 1681b(f).

51. Despite these clear and unambiguous requirements of the FCRA, during the pertinent times, Defendants regularly pulled consumer reports regarding consumers without their knowledge or consent in order to open new unauthorized accounts and services as part of its cross-selling practices, in violation of the FCRA.

52. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Bank of America is liable for negligently and willfully violating the FCRA by accessing the consumer reports without a permissible purpose or authorization under the FCRA.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE EFTA
*(On Behalf of Plaintiff and the Class)*

53. Plaintiff realleges and incorporates by reference all of the preceding allegations as if restated herein.

54. Congress created the EFTA in order to establish a framework to regulate electronic fund and remittance transfer systems, and to establish individual consumer rights related to electronic fund transfers.

55. Pursuant to the EFTA, "[n]o person may issue to a consumer any card, code, or other means of access to such consumer's account for the purpose of initiating an electronic fund transfer other than—(1) in response to a request or application therefor; or (2) as a renewal of, or in substitution for, an accepted card, code, or other means of access, whether issued by the initial issuer or a successor." 15 U.S.C.A. § 1693i(a).

56. Bank of America has violated, and on information and belief, continues to violate this prohibition every time it falsifies consumer applications, and/or opens new unauthorized accounts, issues debit and/or credit cards, and/or facilitates other means of access to the unauthorized accounts allowing for electronic funds transfers.

57. Plaintiff and class members have received bank accounts or debit and/or credit cards from Bank of America when Plaintiff and class members have not requested or applied for such accounts or cards, and/or have had falsified applications generated by Bank of America, with credit reports obtained, for purposes of seeking to potentially obtain such debit and/or credit cards.

58. Pursuant to 15 U.S.C. § 1693m, Bank of America is liable for actual damages, an amount to be determined by the Court related to the frequency, persistence, and other factors of Defendants' violations, plus attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT
*(On Behalf of Plaintiff and the Class)*

59. Plaintiff realleges and incorporates by reference all of the preceding allegations as if restated herein.

60. As a result of Defendants' unlawful, unfair and deceptive actions described above, Defendants were unjustly enriched at the expense of Plaintiff and the class through the payment of fees, penalties, and other charges resulting from accounts, products, and services that Bank of America unlawfully and/or deceptively opened for customers.

61. Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits received from Plaintiff and the class, in light of the fact that Bank of America used illegal, deceptive, and/or unfair practices to induce or force customers to open, purchase, and/or maintain the banking services, accounts, and products. Thus, it would be

14

unjust and inequitable for Defendants to retain the benefit without restitution to Plaintiffs and the class for the monies paid to Defendants as a result of the unfair, deceptive, and/or illegal practices.

## FIFTH CAUSE OF ACTION
## VIOLATION OF NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT
*(On Behalf of Plaintiff and the Class)*

62. Plaintiff realleges and incorporates by reference all of the preceding allegations as if restated herein.

63. Defendants are corporations that maintain their principal place of business in North Carolina and that directs and controls their nationwide corporate activities from North Carolina.

64. On information and belief, Defendants' sales incentive policies were directed from Defendants' principal place of business in North Carolina.

65. On information and belief, Defendants store customer data, which it used to open unauthorized credit cards, in North Carolina.

66. As a result of the foregoing, Defendants' activities are subject to the laws and regulations of the State of North Carolina, including but not limited to the North Carolina Unfair and Deceptive Trade Practices Act ("NC UDTPA"), N.C.G.S. § 75- 1.1, *et seq*.

67. The NC UDTPA "declares unlawful" all "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." N.C.G.S. § 75-1.1(a).

68. For purposes of the NC UDTPA, the term "commerce" includes "all business activities, however denominated." N.C.G.S § 75-1.1(b).

69. Defendants violated the NC UDTPA by engaging in unlawful, unfair, or deceptive business acts and practices in or affecting commerce.

70. As set out plainly above, Defendants engaged in unfair and deceptive acts and practices including but not limited to:

   A. Utilizing Plaintiff's and class members' personal information to open credit card or bank accounts that Plaintiff and class members had not requested or authorized;

   B. On information and belief, representing on internal documentation that Plaintiff and class members had applied for credit card accounts or bank accounts when, in fact, they had not;

   C. On information and belief, falsifying credit card application documentation to reflect that Plaintiff and class members had applied for credit cards when, in fact, they had not;

   D. Acquiring credit reports regarding Plaintiff and class members for the purpose of opening unauthorized accounts;

   E. Failing to disclose or fraudulently concealing that Defendants' regular practices included setting sales goals that incentivized its agents to open unauthorized accounts;

   F. Failing to disclose or fraudulently concealing that unauthorized accounts were going to be opened until Defendants had already opened the accounts; and

   G. Such other deceptive and unfair practices as may be proven at trial.

71. Defendants' unfair or deceptive acts and practices as enumerated above occurred in the course of its dealings with consumers, including Plaintiff and class members, meaning the acts occurred in and affecting commerce.

72. Defendants' actions and practices were negligent, knowing, willful, wanton, and reckless with respect to the rights of Plaintiff and class members.

73. As a direct and proximate result of Defendants' unfair or deceptive acts and practices, Plaintiff and class members have incurred actual damages, including lower credit scores, higher interest rates, the inability to procure loans and credit, the time and expense associated with closing the unauthorized accounts, and the loss of time and expense associated with remedying the effects of the unauthorized accounts on their credit scores.

74. Plaintiff and class members are entitled to recover their actual damages as well as treble damages for Defendants' violation of the NC UDTPA.

## SIXTH CAUSE OF ACTION
## DECLARATORY RELIEF
*(On Behalf of Plaintiff and the Class)*

75. Plaintiff realleges and incorporates by reference all preceding allegations as if restated herein.

76. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that in "a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

77. As described above, this Court has jurisdiction over this matter, and therefore may declare the rights of Plaintiff and the Class.

78. Plaintiff and the Class therefore seek an order declaring Bank of America's practice of opening unauthorized accounts unlawful, and that Bank of America is liable to Plaintiff and the Class for damages caused by that practice.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and all those similarly situated request that this Honorable Court:

1. Issue an Order certifying a class of consumers pursuant to Rule 23 and designate Plaintiff as representatives on behalf of all consumers who banked with Defendants and on whose behalf Defendants opened unauthorized credit cards, savings accounts, or checking accounts;

2. Issue an Order appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

3. Award Plaintiff, and all those similarly situated, attorneys' fees, costs and disbursements as allowed pursuant any applicable law;

4. Award Plaintiff and all those similarly situated damages in excess of $5 million; and

5. Award Plaintiff and all those similarly situated, further legal and equitable relief that this Court deems appropriate.

Dated: September 21, 2023

/s/ Joel R. Rhine
Joel R. Rhine
North Carolina Bar No. 16028
Email: jrr@rhinelawfirm.com
Ruth A. Sheehan
North Carolina Bar No. 48069
Email: ras@rhinelawfirm.com
Elise H. Wilson
North Carolina Bar No. 60366
Email: ehw@rhinelawfirm.com
RHINE LAW FIRM, P.C.
1612 Military Cutoff Road, Suite 300
Wilmington, NC 28403
Tel: (910) 772-9960
Fax: (910) 772-9062

Stephen R. Basser*
California Bar No. 121590
Email: sbasser@barrack.com
Samuel M. Ward*
California Bar No. 216562
Email: sward@barrack.com
BARRACK RODOS & BACINE
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Tel: (619) 230-0800
Fax: (619) 230-1874

Charles E. Schaffer*
Pennsylvania Bar No. 76259
Email: cschaffer@lfsblaw.com
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500
Fax: (215) 592-4663

*pro hac vice application forthcoming*

Attorneys for Plaintiff and Class